# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Christopher M. Young, | ) |
| Plaintiff, | ) |
| | ) No. 13 C 6808 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| Cook County, Cook County Sheriff Office, Investigator Ernst, Investigator Murphy, and Detective Fabian Individually and as a member of Cook County Sheriff Office, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Christopher Young, a former Cook County Sheriff's employee, filed a seven count complaint (the "Complaint") against Cook County, the Cook County Sheriff's Office, Investigator Ernst, Investigator Murphy, and Officer Fabian (collectively, Ernst, Murphy, and Fabian will be referred to herein as the "Officers"). In short, Young alleges that the Officers unlawfully arrested him and seized his personal property on July 12, 2013. Relevant to this motion, Young seeks compensatory and punitive damages from the Officers under § 1983, declaratory and injunctive relief, and indemnification against the Cook County Sheriff's Office for the Officers' actions.

Defendants move to dismiss certain portions of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and/or to strike portions of the Complaint pursuant to Rule 12(f). The motion to dismiss [27] is granted in part and denied in part. Because Young has failed to allege sufficient facts to state a claim against the municipality and cannot pursue punitive damages against the municipality in any event, the motion is granted with respect to the

official capacity claims in Counts I and II, as well as to the claim for punitive damages against Cook County. The Court also grants the motion with respect to Counts IV and V on the basis that Mr. Young lacks standing to bring these claims, his resignation moots much of his requested relief, and he has not met the pleading requirements for an injunction. The Court denies the remainder of the motion to dismiss because Young has alleged sufficient facts to state a claim that he was unlawfully arrested.[1]

## BACKGROUND[2]

The Officers are employed by the Cook County Sheriff's Office of Professional Review. The Officers travelled to Young's home on July 12, 2013 pursuant to an employment misconduct investigation against Young, who at the time was employed as a Cook County Correctional Officer. The Officers arrived at Young's residence wearing badges and carrying firearms. While on Young's front porch, Investigator Ernst informed Young that he was the subject of an investigation for misconduct in his capacity as a Cook County Sheriff's employee. Upon hearing this, Young became ill on his front porch. Paramedics arrived on the scene and treated Young.

---

[1] Defendants allege in their reply that Mr. Young has waived any argument by not substantially responding to the assertions in the motion to dismiss. Noting that Mr. Young has proceeded *pro se* to this point, the Court provides *pro se* plaintiffs wide latitude in their filings, particularly with regard to waiver of undeveloped arguments. *Maddox v. Love*, 655 F.3d 709, 721 n.6 (7th Cir. 2011). Additionally, Mr. Young responded to these arguments by citing *Iqbal* for the assertion that "[t]he Complaint does contain sufficient facts to draw inference that the Defendant's [sic] are liable for their Misconduct." Doc. 29 at 2.

[2] The facts in the background section are taken from the Complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). When deciding a motion to dismiss for failure to state a claim, the Court normally cannot consider extrinsic evidence without converting the motion into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to plaintiff's claims, however, the Court may consider it in ruling on the 12(b)(6) motion to dismiss. *Id.* The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). Additionally, when considering a motion to dismiss for lack of subject matter jurisdiction, the Court may look beyond the four corners of the Complaint. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

After paramedics departed, Investigator Ernst informed Young that he was required to surrender his Cook County Sheriff's Department credentials and to be de-deputized.

When Young entered his home to retrieve his credentials, the Officers followed behind him. Young protested the Officers' entry, informing the Officers that he did not give them permission to enter his home, that the Officers lacked a search warrant, and that he did not "agree with their entry." Compl. ¶ 17. Nevertheless, the Officers remained in Young's home. When Young went to retrieve his credentials, Investigator Ernst and Officer Fabian followed Young upstairs into his bedroom. Investigator Murphy remained on the home's main floor. While in his bedroom, Young surrendered his credentials to Ernst and Fabian. Investigator Ernst then demanded that Young also surrender his duty weapon. Young initially refused, stating that the weapon was his personal property and that he had a valid FOID card. When Young attempted to leave the room without surrendering the weapon, Investigator Ernst and Officer Fabian blocked the doorway, preventing him from leaving. Investigator Ernst then said, "This is what I gotta do just give it to me." *Id.* ¶ 19. Young ultimately surrendered his duty weapon and he and the Officers returned to the front porch.

At Investigator Ernst's request, Young signed a Cook County Sheriff's De-Deputization form. Investigator Ernst informed Young that on July 15, 2013, he could make a statement regarding the pending employment investigation. The Officers then departed the premises. Young resigned from his position as a correctional officer effective December 20, 2013.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may bring a 12(b)(1) motion challenging the plaintiff's standing to sue. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45

(7th Cir. 2009). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Id.* at 443–44. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(f) governs motions to strike. The Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

# ANALYSIS

## I. Official Capacity Claims

In Counts I and II, Young seeks damages against the Officers under 42 U.S.C. § 1983 for false arrest and failure to intervene, respectively. Paragraph 10 of the Complaint states that "[t]he Defendants are being sued in their individual and/or official capacity, as set forth herein." Compl. ¶ 10. However, the Complaint does not actually "set forth" whether Counts I and II seek damages against the Officers in their official capacities or only in their individual capacities. Nevertheless, based on the facts alleged in the Complaint, Young cannot recover damages from the Officers in their official capacities. Therefore, Counts I and II are dismissed to the extent they seek damages from the Officers in their official capacities. Counts I and II survive against the Officers in their individual capacities.

A plaintiff may recover damages from a government employee in his official capacity only if the plaintiff would be able to recover damages from the governmental entity itself. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983). The Seventh Circuit has identified three instances in which an individual can recover from a municipality on a civil rights action:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted) (internal quotations marks omitted).

Taking the Complaint's allegations as true and drawing all inferences in favor of Young, the Court finds that Counts I and II fail to state a claim against the Office of the Cook County Sheriff, and therefore fail to state a claim against the Officers in their official capacities. Young has not alleged an express policy, a widespread practice, or that any of the Officers possessed

5

final policymaking authority.  In short, Young has not pleaded facts sufficient to state a plausible claim that the municipality was the "moving force" behind the alleged violations of his rights. *See Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Therefore, the Court dismisses without prejudice the requests for relief in Counts I and II against the Officers in their official capacities.

**II.     False Arrest**

In Count III, Young alleges that the Officers "arrested Plaintiff without probable cause." Compl. ¶ 45.  A § 1983 claim for false arrest includes the following three elements: (1) Defendant arrested Plaintiff, (2) Defendant did not have probable cause to arrest Plaintiff, and (3) Defendant was acting under color of law.  *See, e.g.*, *Beiles v. City of Chicago*, 13 C 2838, 2013 WL 6571165 (N.D. Ill. Dec. 13, 2013).  Defendants contend that the Complaint does not allege that Young was actually arrested.

The Supreme Court has noted that "arrest" is synonymous with "seizure of a person." *Terry v. Ohio*, 392 U.S. 1, 10, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *accord. United States v. Benjamin*, 995 F.2d 756, 759 (7th Cir. 1993).  A court will find that a person was seized when "by means of physical force or show of authority, his freedom of movement was restrained." *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980).  The Supreme Court has clarified that a person has not been arrested until he has yielded to an officer's show of authority to restrain the subject's liberty or when an officer physically limits the subject's movement.  *California v. Hodari D.*, 499 U.S. 621, 626, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991).  Put another way, "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Mendenhall.* 446 U.S. at 554.

In moving to dismiss Count III, Defendants assert, without providing any legal support, that Young was not placed under arrest. Defendants cite some but not all of the events of Young's factual allegations and conclude that "it is not alleged . . . that Plaintiff was taken into custody by the defendants." Defs.' Mot. to Dismiss at 6. But the Complaint alleges that the Officers restrained Young's liberty by show of authority and that Young yielded to the Officers' authority. Moreover, the facts alleged allow the Court to infer that a reasonable person under the circumstances would not have felt free to leave. Mr. Young alleges that the Officers entered his home against his express will and followed him into his bedroom. Young further alleges that Investigator Ernst and Officer Fabian blocked the doorway when he attempted to leave the bedroom. The Officers were visibly armed at all relevant times. Mr. Young asserts that when he asked Investigator Ernst and Officer Fabian if he could leave the room Investigator Ernst refused to allow him to leave. Young states that he complied with this show of authority. Finally, Young alleges that after being arrested he was held in his home for 30 minutes or more. At this stage, therefore, the Complaint states a plausible claim that Young was arrested in his home on July 12, 2013. Accordingly, the Court denies Defendants' motion to dismiss Count III.

## III. Equitable Relief

In Counts IV and V, Young seeks injunctive and declaratory relief with respect to the alleged constitutional violations. Included among the requested relief, Young seeks to be re-deputized, to enjoin the disciplinary proceedings against him, and to have his firearm returned to him. Young also requests an injunction "to prevent future violations of the Uniform Peace Officers' Disciplinary Act, Collective Bargaining Agreement, and Weingarten v. NLRB, supra." Compl. ¶ 49. Defendants seek to dismiss Counts IV and V in their entirety on the grounds that Young lacks standing.

Standing contains three elements: a concrete, actual or imminent injury in fact; causation between the conduct complained of and the injury; and a likelihood that the requested relief will redress the injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). The purpose of the standing requirement is to ensure that a plaintiff has "a personal stake in the outcome in order to . . . sharpen[ ] the presentation of issues." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (internal quotations marks omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).

The Court finds that the requests related to Mr. Young's reinstatement in Counts IV and V do not satisfy the causation element of standing. Specifically, Mr. Young seeks to be re-deputized, to enjoin any disciplinary proceeding against him, and to prevent the disciplinary panel from using any illegally obtained evidence in rendering any decision. Mr. Young also seeks a declaration that he has a liberty interest in his position. In the context of standing, causation requires that the injury "fairly can be traced to the challenged action of the defendant." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976). The Complaint does not allege facts sufficient to show that the employment-related injuries can fairly be traced to the Officers' intrusion into his home. Young does not assert the he provided any inculpatory statements as a result of the alleged § 1983 violation. Instead, Investigator Ernst informed Mr. Young that he could make a statement three days later. The Complaint also does not allege that the Officers obtained any relevant evidence as a result of their entry into his home. Finally, the disciplinary proceedings against him did not in any way stem from Mr. Young's

allegedly false arrest. Therefore, the Court finds that Mr. Young lacks standing to bring the employment related requests for relief in Counts IV and V.

Moreover, the Court finds that the employment related requests for relief are mooted by Young's December 2013 resignation from his position as a correctional officer.[3] The Constitution limits the Court's jurisdiction to actual cases and controversies. *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). A case can become moot during any stage of the litigation. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996). Thus, cases that do not involve ongoing controversies must be dismissed for lack of jurisdiction. *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). But the mootness of one issue does not render the entire case moot. *Powell*, 395 U.S. at 496. Here, Mr. Young's resignation was apparently voluntary; he has not alleged that he was coerced into resigning. Though resigning may have been the only attractive option to him under the circumstances, its attractiveness does not render it coerced or otherwise involuntary. *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 298 (7th Cir. 1995). Therefore, based on the facts currently before it, the Court finds that by relinquishing his position as a correctional officer, Mr. Young mooted the claims to enjoin or reverse the disciplinary proceedings against him.

With regard to the request in Count IV for an injunction ordering Defendants to return Mr. Young's firearm, the Court finds that Mr. Young is not entitled to this relief because he has

---

[3] Mr. Young acknowledged to the Court that he resigned his position in December of 2013. Though it falls outside the Complaint, the Court may consider Mr. Young's resignation in the context of deciding Defendants' motion to dismiss for lack of subject matter jurisdiction under 12(b)(1). *St. John's United Church of Christ*, 502 F.3d at 625.

not alleged that there is no adequate legal remedy. In order to obtain an injunction, Mr. Young must show that no adequate legal remedy is available. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 130 S. Ct. 2743, 2748, 177 L. Ed. 2d 461 (2010). At the pleading stage, Young must at least allege that any legal remedy would be inadequate. *Applied Commodity Servs., Inc. v. Chase Manhattan Futures Corp.*, 89 C 08860, 1990 WL 129632, at *1 (N.D. Ill. Aug. 27, 1990). Here, Young does not allege that that any legal remedy would be inadequate to right the alleged wrongful taking of his gun, nor has he alleged that an injunction is even necessary. Therefore, this request for relief is also dismissed without prejudice.

Mr. Young also requests an injunction to prevent future violations of the Uniform Peace Officers' Disciplinary Act, the collective bargaining agreement, and *Weingarten*. The Court finds that this request fails because it does not plausibly allege that Young is likely to imminently suffer a future violation of his employment rights. Instead, Mr. Young asks the Court here to enjoin the speculative reoccurrence of a past wrong. Injunctions are not appropriate in such circumstances. *Golden v. Zwickler*, 394 U.S. 103, 109, 89 S. Ct. 956, 22 L. Ed. 2d 113 (1969). Therefore, the Court dismisses Counts IV and V of the Complaint in their entirety without prejudice.

**IV.    Punitive Damages**

In Counts I and II of the Complaint, Mr. Young requests punitive damages against the Officers. As the Supreme Court held in *City of Newport v. Fact Concerts, Inc.*, municipalities are not subject to punitive damages in § 1983 claims. 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981). Therefore, the Court agrees with Defendants that Young is barred from

obtaining punitive damages against the Officers in their official capacities.[4] To the extent that the Complaint seeks punitive damages from the Cook County Sheriff's Office, that claim is also dismissed.[5] Young's request for punitive damages against the Officers in their individual capacities survives. *See Smith v. Wade*, 461 U.S. 30, 48–49, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

## CONCLUSION

The motion to dismiss [27] is granted in part and denied in part. Counts I and II are dismissed without prejudice to the extent they seek damages against the Officers in their official capacities. Counts I and II survive against the Officers in their individual capacities. The motion to dismiss Count III is denied. The Court dismisses Counts IV and V without prejudice. Finally, the Court dismisses with prejudice the request for punitive damages against the Officers in their official capacities in Counts I and II. Any request for punitive damages against the Officers in their individual capacities survives.

Dated: March 27, 2014

SARA L. ELLIS
United States District Judge

---

[4] The Court notes that this question is mooted by the Court's dismissal of Counts I and II against the Officers in their official capacities. Nonetheless, the Court addresses the issue here in the event that Young seeks to amend the Complaint.

[5] It is not clear whether the Complaint seeks punitive damages against the Cook County Sheriff's Office, except by way of suing the Officers in their official capacities. Count VII, the only claim that names the Cook County Sheriff, seeks indemnification for compensatory, but not punitive, damages.